IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CV-420-D

| | | |
|---|---|---|
| SETH DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

On July 10, 2009, Magistrate Judge Daniel issued a Memorandum and Recommendation ("M&R") [D.E. 28]. In that M&R, Judge Daniel recommended that plaintiff's motion for judgment on the pleadings be denied, that defendant's motion for judgment on the pleadings be granted, and that defendant's final decision denying the request for benefits be affirmed. On July 19, 2009, plaintiff filed objections to the M&R [D.E. 29]. Defendant did not file a response to plaintiff's objections.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (alteration in original) (emphasis removed) (quotation omitted). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Id. (quotation omitted).

The court has reviewed the M&R, the record, and plaintiff's objections. As for those portions of the M&R to which plaintiff made no objection, the court is satisfied that there is no clear error on the face of the record.

The court has reviewed de novo the portions of the M&R to which plaintiff objected. First, plaintiff contends that because he could not afford medical care, the ALJ's findings were based on records that were "old and potentially out of date," and that the ALJ should have sent plaintiff for a consultative examination. See Pl.'s Objs. to M&R 2. Plaintiff also states that the ALJ's findings that plaintiff can use his hands and that he could do medium work "is an overvaluation of the 'positive' findings of the surgeon immediately . . . after surgery." Id.

Plaintiff misunderstands the standard of review. See, e.g., 42 U.S.C. § 405(g); Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002); Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439–40 (4th Cir. 1997); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). This court does not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [administrative law judge]." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). Judge Daniel properly analyzed the record and the governing law. See M&R 8–14. The ALJ's factual findings are supported by substantial evidence and were reached through application of the correct legal standard. See Craig, 76 F.3d at 589. Moreover, the ALJ did not abuse his discretion in not ordering a consultative examination. See, e.g., Bishop v. Barnhart, 78 F. Appx. 265, 268 (4th Cir. 2003) (per curiam) (unpublished). Thus, plaintiff's first objection is overruled.

Second, plaintiff argues that the ALJ did not properly analyze plaintiff's pain and credibility. See Pl.'s Objs. to M&R 2–4. Judge Daniel correctly rejected this argument. See M&R 12–14; Craig, 76 F.3d at 590. Thus, plaintiff's second objection is overruled.

2

Finally, plaintiff argues that the ALJ asked an improper hypothetical to the vocational expert. See Pl.'s Objs. to M&R 3–4. Judge Daniel correctly rejected this argument. See M&R 12–14; Russell v. Barnhart, 58 F. Appx. 25, 30 (4th Cir. 2003) (per curiam) (unpublished); Davis v. Apfel, No. 97-1719, 1998 WL 559728, at *2 (4th Cir. Sept. 2, 1998) (per curiam) (unpublished); Walker v. Bowen, 889 F.2d 47, 50–51 (4th Cir. 1989). Thus, plaintiff's final objection is overruled.

Accordingly, the court adopts the M&R [D.E. 28]. Plaintiff's motion for judgment on the pleadings [D.E. 20] is DENIED, and defendant's motion for judgment on the pleadings [D.E. 22] is GRANTED. Defendant's final decision is AFFIRMED, and this action is DISMISSED. The Clerk is directed to close the case.

SO ORDERED. This _3_ day of September 2009.

JAMES C. DEVER III
United States District Judge